Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wang's testimony and medical records as to the hospitals that treated her and her husband, and her inconsistent testimony regarding her request for an extension of maternity leave. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circum-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stances). In the absence of credible testimony, Wang's asylum claim fails.

### PETITION FOR REVIEW DENIED.

Eduardo **JIMENEZ–REYES**, aka
Gerardo Jimenez, Petitioner,

v.

Loretta E. **LYNCH**, Attorney
General, Respondent.

No. 13–73674.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Zulu Ali, Zulu Abdullah Ali, Riverside, CA, for Petitioner.

Jesse Lloyd Busen, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

### MEMORANDUM **

Eduardo Jimenez–Reyes, a native and citizen of Mexico, petitions for review of

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding changed and extraordinary circumstances. *Castro–Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir.2011). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that the delay of more than six years in filing Jimenez–Reyes' asylum application after his brother's attack was reasonable. *See* 8 C.F.R. § 208.4(a); *see also Sumolang v. Holder*, 723 F.3d 1080, 1082–83 (9th Cir.2013). We lack jurisdiction to review Jimenez–Reyes' claim that being placed in removal proceedings constituted an extraordinary circumstance because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Jimenez–Reyes fears he will be harmed by enemies of his father. Substantial evidence supports the agency's finding that Jimenez–Reyes did not establish that the source of his persecution was government officials or individuals the Mexican government is unable or unwilling to control. *See Castro–Martinez*, 674 F.3d at 1079–1081. Thus, Jimenez–Reyes' withholding of removal claim fails.

Further, Jimenez–Reyes failed to show that he will be tortured at the instigation of or with the consent or acquiescence of a public official. *See Garcia–Milian v.*

ed by 9th Cir. R. 36–3.

*Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014). Thus, Reyes' CAT claim also fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**